## 55676. FLAKE v. FULTON NATIONAL BANK OF ATLANTA et al.

DEEN, Presiding Judge.

The appellant Flake is one of three land developers (default judgments against the other two having eliminated them from the case) sued by the Fulton National Bank in this deficiency judgment action following foreclosure proceeding. Flake filed a third-party action against the Georgia Tech YMCA, Inc. Both the bank and the YMCA filed motions for summary judgment which were granted by the trial court, and Flake appeals, urging that in both instances there are issues for jury determination.

The fact situation involves a tract of land of approximately 182 acres which Flake and his associates purchased from the YMCA, agreeing to make installment payments secured by a deed to secure debt. This instrument contained provisions for releasing 20-acre tracts from its lien from time to time, with an initial down payment to be "allowed as a credit to the grantor on the first parcel of land to be released." The right to designate the 20 acres "of Purchaser's choice" was reserved to Flake in the closing statement. Four months later, Flake, and associates, arranged for a bank loan from the appellee Fulton National Bank, whose commitment letter stated in part: "We shall also require the assignment of the rights that you have to have any 20 acres of this property released from purchase money note without additional payments," which meant that the bank would have a senior security instrument as to the 20-acre tract released and a loan deed on the rest of the tract subordinate to that of the YMCA. Negotiations between all parties culminated in an "Estoppel Certificate" which the YMCA

furnished the bank, and which stated in part that "the right to release said 20 acre tract shall be exclusively yours. . . undersigned will look solely to you and not to the grantors of said security deed for release requests of said 20 acre tract." Flake's signature consenting to these conditions also appears in the document. Flake as borrower also entered into a loan agreement with the bank reciting the right to a release of 20 acres by reason of his initial down payment, and stipulating: "Borrower hereby names, constitutes and appoints Lender as its true and lawful attorney in fact. . . to request such release. . . Borrower and Lender agree that the power herein granted shall be exclusive to Lender, and Borrower shall have no right to exercise the power herein granted until such time as said Deed to Secure Debt purchased by Lender is cancelled of record."

Since Flake had an absolute right to designate the first 20-acre plot to be released from the YMCA senior loan deed, and since he appointed the bank to exercise this choice for him, the bank demanded from the YMCA a release of a 20-acre tract which, everyone seems to agree, was not only the most valuable part of the total tract, but was so shaped as to cut off other parts of the tract from road access and render them substantially worthless. Considerable heated discussion between the two loan creditors followed, which eventually culminated in an agreement by all parties to substitute for release from the senior loan deed a 20-acre tract with different boundaries, and the YMCA proffered and Flake accepted a quitclaim deed to the tract.

Flake's general position is that the plaintiff bank and the third-party defendant YMCA, original vendor of the land, conspired together to take a less valuable 20-acre plot than the first one requested, that the original land would have brought a sufficient price on foreclosure to avoid a deficiency, and for this reason the bank is not entitled to a deficiency judgment. He also contends that the bank was a mere agent of the appellant, and that the position of the YMCA in refusing to deed over the first tract requested constituted a breach of its contract with Flake, while the acceptance by the bank of the less valuable tract was beyond the scope of its agency and

therefore null and void.

We disagree with these factual positions as well as with the conclusion urged that the only authority given the bank was authority to request the release, leaving the question of location of the tract to be released still remaining with the appellant and his associates. It is obvious from this record that Flake had full knowledge of the tug of war over the location of the first 20-acre tract to be released, that he participated in it, and that he accepted the quitclaim deed when it was resolved. "When a grantee accepts a deed he will be bound by the covenants contained therein, although the deed has not been signed by him." Code § 29-102. There is not the slightest doubt but that Flake and associates had a right to pick the 20-acre tract to be first released, and that they gave this right to the bank by executing the power of attorney to request the release, in which they stipulated that they would have no right to exercise the power so long as the loan deed remained of record. It was never attempted to be withdrawn prior to the execution and delivery of the deed to the 20 acres. All concerned parties were aware of its terms. The bank had hedged its loan commitment with a demand for the assignment of rights to the release of the tracts, and the YMCA had consented and covenanted that the bank alone had the right to release the tract. A power of attorney, like any other contract, must be construed by ascertaining the intention of the parties, and, although the general terms are strictly construed so as to be restricted to consistency with the controlling purpose, they include those things which are usual and necessary to carry out that purpose. *Martin v. McLain,* 51 Ga. App. 336 (1) (180 SE 510) (1935). Where the purchaser had the sole right to release a tract of 20 acres chosen by him from a larger tract and he assigned to the bank, on the agreement of all concerned, the right "to request such release" it is obvious that the request had to designate the property to be released. When the owner had full knowledge of all that was occurring in connection with the identification of the tract, and further knowledge that the bank had demanded, and the YMCA had acknowledged, that this power of choice resided solely in the bank, he will not be heard, after deed transfer, foreclosure, and sale, to

contend that the bank exceeded its authority. If indeed it had done so, which we do not believe, the subsequent acts of the appellant would have constituted a ratification of the procedure.

No question of fact is at issue here. The grant of summary judgment in favor of the plaintiff bank and the third-party defendant vendor are affirmed.

*Judgment affirmed. Banke and Smith, JJ., concur.*

ARGUED APRIL 3, 1978 — DECIDED APRIL 28, 1978 —
REHEARING DENIED MAY 17, 1978.

*Cofer, Beauchamp & Hawes, James H. Rollins,* for appellant.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, George B. Haley, Roderick C. Dennehy, Jr., Smith, Cohen, Ringel, Kohler & Martin, Frederick W. Ajax, Jr., Harvey S. Gray,* for appellees.